JOHN MATTHEWS *et al.*, Appellants, *against* WILLIAM SNIFFEN *et al.*, Respondents.

(Decided April 4th, 1881.)

In an action for the recovery of personal property, the plaintiffs, three in number, claimed the property under a mortgage of it to a firm whose name was identical with that of one of them, but there was no evidence that the plaintiffs composed such firm, or that any interest in the mortgage had been assigned to the other two of them. *Held*, that, the defense of misjoinder of parties having been set up, judgment was properly given for the defendants.

In making a mortgage of personal property a printed form was used, in which a blank space was left for the description of the mortgaged property to be written in, followed by the printed words " and all other goods and chattels mentioned in the schedule hereunto annexed, and now in possession of the said party of the first part." Nothing was written in the blank space. The schedule annexed contained a very particular description of 90 distinct soda water apparatuses, and concluded with the words " and all of the above apparatuses and all other manufacturing and dispensing apparatus owned by me, whether in my place, or at my customers." *Held*, that a soda water apparatus, not in the possession of the mortgagor and not specifically described in the schedule, although in the possession of a customer of the mortgagor, was not embraced in the mortgage.

APPEAL from a judgment of a district court in the City of New York.

The action was brought by John Matthews, George Matthews, and Elizabeth Matthews, to recover from the defendants William Sniffen and George Sniffen, the possession of certain personal property claimed by the plaintiffs to have been conveyed to them by Leopold Freund by a mortgage made by him to the firm of John Matthews. The facts are stated in the opinion. Judgment was rendered in favor of the defendants; and from the judgment the plaintiffs appealed to this court.

CHARLES P. DALY, Chief Justice.—This was an action brought by the plaintiffs to recover certain personal property wrongfully detained by the defendants. The property is described in the complaint, as a white marble soda water appa-

Matthews *v.* Sniffen.

ratus, with sixteen syrups and five draughts, together with couplings and other articles belonging to it. The defense was a general denial and misjoinder of parties. The plaintiffs claimed the property as having been conveyed to them by Leopold Freund, in a mortgage made by him to the firm of John Matthews. The mortgage was given in evidence; but no evidence was given or offered by the plaintiffs, to show that the plaintiffs, who are three in number, compose the firm of John Matthews, or that any assignment of any interest in the mortgage had been made to the plaintiffs George Matthews and Elizabeth Matthews, by the other plaintiff, John Matthews, and this, under the defense of misjoinder, which the defendants set up, was, of itself, a sufficient reason for giving judgment for the defendants.

But, in addition to this, there was no evidence, nor any offer of evidence, showing that this property was, or was intended to be, conveyed by the mortgage. The evidence of Freund, the mortgagor, was that he manufactured and owned this apparatus in the spring of 1879, and that after he made it, he put it in the store of one William Kruss. The mortgage was given by him in August, 1879; and, as would appear from the evidence, when this apparatus was in the possession of Kruss. In the mortgage, no particular species of property is mentioned. The words are: " do grant, bargain and sell, unto the said parties of the second part          and all other goods and chattels mentioned in the schedule hereunto annexed, and now in possession of the said party of the first part," nothing being written in the blank space left in such instruments, when printed, for a description of the property, general or otherwise. The property here referred to, is property then in the mortgagor's possession, and does not include this apparatus, as it was not then in the possesssion of Freund, but of Kruss, one of Freund's customers.

The matter is not helped by referring to the schedule attached to the mortgage. It is a long inventory of five and a half closely-written pages, in which ninety soda water apparatuses are specifically enumerated, and so particularly, that each can be distinguished from the other, by the description given of

it, and there is among these, no white marble soda water apparatus with sixteen syrups and five draughts. The appellant claims that this apparatus comes under a general item in the schedule in the words: " and all of the above apparatuses (the ninety before referred to) and all other manufacturing and dispensing apparatus owned by me, whether in my place, or at my customers." It is fair to assume that if this apparatus was intended to be embraced in the mortgage, it would have been specifically enumerated with the ninety that are so described that they can be separately distinguished, as it is a very large one, with sixteen syrups, there being only one with that large number of syrups, among the ninety specifically enumerated.

All " other manufacturing or dispensing apparatus " may or may not mean an apparatus of this kind. It is not only a very loose clause in the schedule, but is inconsistent with the body of the mortgage, which refers to what is mortgaged, as goods and chattels in the schedule, *then in the possession* of the mortgagor; and this particular clause in the schedule refers to property, whether in the mortgagor's possession, or in the possession of his customers; " whether at my place, or at my customers :" and where, in a particular like this, the schedule is in conflict with the mortgage, the mortgage, I apprehend, must govern, for the annexing of the schedule neither limits nor enlarges the generality of the description in the mortgage, but is annexed for greater certainty and exactness in the description of the property, so that it may be easily identified (*Winslow* v. *Merchants' Ins. Co.*, 4 Met. 306). The general rule is, that any description will suffice, that will enable third persons to identify the property, aided by inquiries which the mortgage itself indicates (2 Hilliard on Mortgages, 3d ed. 374),—such as all the goods and chattels in a particular store, or any indicated place (*Conkling* v. *Shelly*, 28 N. Y. 362; *Russell* v. *Winne*, 37 N. Y. 593) ; or, as was held in *Galen* v. *Brown* (22 N. Y. 37), where a certain quantity of property (which in that case was so many feet of lumber) is described as in the mortgagor's store, but only one-fifth of that amount was in his store and the rest elsewhere, it may be shown by parol that a certain quantity of property of a particular kind

Matthews *v.* Sniffen.

had been purchased by the mortgagor, and that the mortgage had been made to secure the indorsers of a note given by the mortgagor upon that purchase; to establish that it was that particular property that was intended to be mortgaged, although only a part of it was then in the mortgagor's store. In the present case, the mortgage was of the goods and chattels mentioned in the schedule, and *then in the mortgagor's* possession; and as this apparatus was not, like many other articles of this kind, specifically enumerated in the schedule, nor then in the mortgagor's possession, the construction should be that it was not meant to be embraced in the mortgage. I do not mean to say that this construction is so certain, as to shut out parol evidence of a state of facts clearly showing that the intention was to embrace it. But no such state of facts was elicited, nor were any of the questions ruled out by the justice of a nature to prove any such facts. They were questions, either asking for the conclusions of witnesses, or for facts that were immaterial. The witness who took the inventory was asked if he could point out this apparatus in the mortgage, and his reply was, "not now." The same question was put to the mortgagor, and his answer was that he could not read English; and that neither of them could point it out appears by the inspection of the schedule, in which there is no apparatus of sixteen syrups and two draughts.

The judgment should be affirmed.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs.